# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ABIRA MEDICAL LABORATORIES LLC,
d/b/a Genesis Diagnostics,
      Plaintiff,

    v.                              Case No. 24-cv-962

MANAGED HEALTH SERVICES INSURANCE
CORP., et al.,
      Defendants.

---

## DECISION AND ORDER

Abira Medical Laboratories, LLC, ("Abira"), doing business as Genesis Diagnostics, filed this case against Managed Health Services Insurance Corp. ("MHS") alleging that MHS failed to pay (in part or in full) insurance claims for laboratory testing services it performed for patients insured by MHS. This action was originally filed in New Jersey state court, then removed to the federal District of New Jersey, and transferred to the Eastern District of Wisconsin. On September 24, 2025, I granted MHS's motion to dismiss in part and gave plaintiff leave to amend. Abira filed an amended complaint, and defendant responded with a renewed motion to dismiss. For the reasons that follow, MHS's renewed motion to dismiss is denied.

## I. BACKGROUND

As stated in my previous decision, I accept the plaintiff's alleged facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I need not accept conclusory allegations or allegations which are merely the legal elements of a claim framed as an allegation. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Abira provided medical laboratory tests for patients who were covered by MHS's health insurance. ECF No. 27,

¶ 8. Each time a physician ordered medical lab services, the patient "executed or should have executed an assignment of benefits" in favor of Abira. *Id.*, ¶ 11. Abira attempted to collect payment from MHS, but MHS refused for various (allegedly) pretextual reasons or simply did not respond. *Id.*, ¶ 14. MHS has not made payment, or has made only partial payments, toward certain claims totaling more than $58,069.00. *Id.*, ¶ 34.

## II. JURISDICTION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). MHS removed this case from New Jersey state court to federal court pursuant to 28 U.S.C. § 1441(a). A civil case may be removed to federal court only if the federal court would have original jurisdiction to hear that dispute. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). In general, civil cases may be heard under 28 U.S.C. § 1331 (federal question) or § 1332 (diversity).

MHS asserted diversity jurisdiction in its notice of removal because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. ECF No. 1 at 2–6. This was so because the original complaint invoked New Jersey's Consumer Fraud Act which allows for treble damages. The amended complaint no longer asserts New Jersey claims, so this basis for diversity jurisdiction no longer holds. However, the amended complaint now asserts a federal question cause of action under the Employee Retirement Income Security Act ("ERISA"). *See Lister v. Stark*, 890 F.2d 941, 943–44 (7th Cir. 1989). Therefore, I find that federal jurisdiction is proper.

## III. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570

(2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss under Rule 12(b)(6), I must "accept the well-pleaded facts in the complaint as true"; however, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616.

## A.  Count One (ERISA)

Count One of the amended complaint now asserts a claim for unpaid ERISA plan benefits pursuant to 29 U.S.C. § 1132(a). MHS argues that I must dismiss all of Abira's state law claims because they are preempted by federal law under ERISA.

State law is preempted by ERISA to the extent the law "relates to" an employee benefit plan described by ERISA. *See* 29 U.S.C. § 1144(a). A state law relates to an employee benefit plan if it "has a connection with or reference to such a plan." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496, 504 (7th Cir. 2011). ERISA preempts state common law causes of action "asserting improper processing of a claim for benefits under an ERISA-regulated plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987); *Maciosek v. Blue Cross & Blue Shield United of Wis.*, 930 F.2d 536, 540 (7th Cir. 1991) (contract and tort claims under Wisconsin common law are "obviously" preempted). In response, Abira argues that the amended complaint asserts state-law claims against only claims involving non-ERISA plans for which preemption would not apply. However, the amended complaint does not identify

which, if any, of the 21 insurance claims in Exhibit A of the complaint are governed by ERISA. Abira argues that the particular governing law for each patient will be identified in discovery, as MHS has possession of the plan documentation. MHS argues that this ambiguity warrants dismissal: "[O]therwise, any Plaintiff could simply hedge its bets by asserting contradictory allegations in every ERISA case to avoid preemption." ECF No. 31 at 15.

But the rules allow parties to plead claims in the alternative. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); 8(d)(3) ("A party may state as many separate claims or defense as it has, regardless of consistency."). That flexibility is "subject only to the requirements of making a reasonable inquiry under the circumstances and interposing a pleading only for proper purposes." 5 Wright & Miller's Fed. Prac. & Proc. § 1283 (4th ed. 2026) (citing Fed. R. Civ. P. 11). It is not improper for a party to allege contradictory facts or legal theories "when he or she legitimately is in doubt about the factual background of the case or the legal bases that underlie affirmative recovery or defense." *Id.* Rule 11 allows for contradictory pleadings so long as the party believes "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). MHS has not shown at this stage that Abira's allegations were so farfetched or lacking in factual support to violate Rule 11.[1]

---

[1] MHS argues that Abira, as an ostensible assignee to the patients' benefits, could have requested the plan documents from MHS prior to filing this suit, and so Abira has not undertaken a reasonable inquiry. ECF No. 31 at 11. However, this assertion conflicts with MHS's current position that Abira cannot show it received

4

In my previous decision, I concluded that Abira did not need to plead the breach of a specific contract term to proceed on a general breach of contract claim. ECF No. 23 at 4–5. In so deciding, I considered that Abira likely did not have access to the insurance policies at issue. *Id.* at 5 (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010)). Now that the amended complaint focuses on ERISA, MHS cites several cases where courts have required the plaintiff to plead the particular insurance policy language being breached, or that the policies are definitively ERISA plans, to state an ERISA claim. *See, e.g., Cleanquest, LLC v. UnitedHealthcare Ins. Co.*, No. 8:23-cv-148, 2023 WL 12148289, *3 (C.D. Cal. Jul. 21, 2023). In *Cleanquest*, the district court dismissed both the plaintiff's state-law and ERISA claims because the plaintiff failed to plead the relevant plan and policy language in its complaint. *Id.* Without that language, the court held that it could not determine which of the ERISA or state-law claims could proceed. *Id.* A district court in Florida recently reached a similar conclusion. *See Abira Med. Labs. v. Blue Cross Blue Shield of Florida*, No. 3:23-cv-1092, 2025 WL 2644763, *1 (M.D. Fl. Sept. 15, 2025). In that case, the court dismissed Abira's ERISA claim for failing to identify in its pleading which of the insurance plans were subject to ERISA. *Id.* at **1–2.

As I see it, these cases impose a pleading standard that goes beyond what is required to state plausible claim under *Twombly* and *Iqbal*. "Plaintiffs alleging claims under 29 U.S.C. § 1132(a)(1)(B) for plan benefits need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)." *Griffin v. TeamCare*, 909 F.3d 842, 845 (7th Cir. 2018) (citing *Innova Hosp. San*

---

valid assignments. If true, it would be futile for Abira to request plan documents from MHS who would presumably refuse absent proof of an assignment.

*Antonio v. Blue Cross & Blue Shield of Ga, Inc.*, 892 F.3d 719, 729 (5th Cir. 2018)) (cleaned up). A complaint is sufficient so long as the facts alleged suggest that the plaintiff is *plausibly* entitled to relief. *Id.* at 845–46. Well-pleaded facts are presumed to be true, but "conclusory allegations merely reciting the elements of the claim are not." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). And critically, parties in the Seventh Circuit are not required to plead legal theories. *R3 Composites Corp v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020). Abira will ultimately receive the relief it is owed under whatever legal theory applies to the facts unearthed through discovery. *See* Fed. R. Civ. P. 54(c).

Finally, MHS argues that Abira's ERISA claims are too conclusory to state a claim under ERISA. A complaint containing only vague and generic allegations would be insufficient to plausibly state a claim. *See, e.g., St. Bernardine Med. Center v. Health Care Serv. Corp.*, No. 24-cv-2906, 2025 WL 933804, *6 (N.D. Ill. Mar. 27, 2025) (complaint insufficient where it alleged that plaintiff rendered unspecified "medically necessary services" to a patient). The amended complaint alleges:

> "Upon information and belief, Defendant's insureds/subscribers/members obtain insurance policies through the issuance of the Defendant's subscriber/member's Employer obtaining a policy of group health insurance in which Defendant's subscribers/members are a participant or, of which they are a beneficiary." (Am. Compl. ¶ 18.) "Said policy is an employee benefit plan that is regulated by [ERISA]." (*Id.*, ¶ 19.)

The table of patients included in Exhibit A has a "Payer Name" column listing "MHS Network Health Plan" as the "payer" for each procedure. ECF No. 27 at 14. Taken together, these facts are enough to plausibly allege that MHS issued employee benefit plans to all the patients described in Exhibit A and that its benefit plans cover laboratory testing services—a common benefit of health insurance plans. It is plausible to conclude

6

the Abira's services would be reimbursed by MHS's insurance plans and that those plans were provided by employers. Therefore, the amended complaint states a claim as to Count One.

**B. Count Two (Non-ERISA Breach of Contract)**

Count Two of the amended complaint asserts a claim for breach of contract in the alternative as to any of the 21 reimbursement claims that are not controlled by ERISA. Like under Count One, MHS argues that I must dismiss these claims because Abira has not identified which claims are ERISA claims and which are not. For the reasons given above, this precision is not required at the pleading stage.

MHS also argues that Abira has not plausibly alleged that it received valid assignments of benefits from each of its patients. As I stated in my previous decision, "It is axiomatic that an assignee may only pursue breach of contract if he possesses a valid assignment. An assignment requires 'the manifestation of the assignor's intention to transfer a right so that the assignee acquires the right to performance by the obligor.'" ECF No. 23 at 5 (quoting *Betz v. Diamond Jim's Auto Sales*, 2014 WI 66, ¶ 41, 355 Wis.2d 301). I found that Abira's original complaint failed to allege that each patient manifested an intent to assign their insurance benefits to Abira—an essential element for breach of contract without privity. *Id.* at 5–6. The amended complaint goes further and now alleges that MHS's insureds each executed an assignment as to "all rights and benefits under my health plan and direct payments be made to Genesis Diagnostics for laboratory services furnished to me by Genesis Diagnostics. . . ." (Am. Compl. ¶ 10.) This is enough to plausibly allege that each patient assigned their benefits claim to Abira.

7

Finally, MHS argues that the amended complaint has not plausibly alleged that its patients' health plans compel any payment to Abira as an out-of-network (non-contracted) provider. If the plans at issue do not entitle Abira to payment because they exclude out-of-network providers and Abira is an out-of-network provider, MHS could raise that as a defense. But "plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Dismissal at the pleading stage under a defense theory is appropriate only when the plaintiff "pleads itself out of court" by admitting all the elements of a dispositive defense. *Id.* Abira has not, therefore the amended complaint states a claim as to Count Two.

## C. Count Three (Breach of Duty of Good Faith and Fair Dealing)

MHS argues that the amended complaint fails to allege the existence of a valid contract and that MHS acted with bad faith in denying Abria the benefit of their bargain. But as discussed above, I found that Abira has adequately pleaded the existence of an enforceable contract.

To allege a breach of the implied covenant of good faith, a plaintiff must also allege that the breaching party acted without good faith in performing its contractual obligations. *Reetz v. Advocate Aurora Health, Inc.*, 2022 WI App 59, ¶ 31, 983 N.W.2d 669. The plaintiff must allege sufficient facts to plausibly show that the defendant's bad faith actions had the effect of "injuring or destroying the other party's ability to receive the benefits of the contract." *Betco Corp., Ltd. v. Peacock*, 876 F.3d 306, 310 (7th Cir. 2017). I agree with MHS, and the cases it cites, that "a plaintiff cannot simply repackage a breach of an express contractual provision as a breach of the implied duty of good faith." *Middleton-Cross Plains Area Sch. Dist. v. FieldTurf USA, Inc.*, No. 16-cv-278-jdp, 2016 WL 6459831,

*3 (W.D. Wis. Oct. 31, 2016). To proceed, there must be some fair reading of the complaint, directly or in the alternative, plausibly suggesting that the defendant denied the plaintiff its expected benefit of the bargain without also breaching the explicit language of the agreement.

But there is no reading of the complaint that would suggest a breach other than an explicit breach. As a factual basis for Count Three, the amended complaint alleges that MHS's repeatedly refused to pay claims it owed or gave spurious and pretextual excuses for denying certain claims. I agree with MHS that several explicitly breached contracts over time, by itself, would not plausibly allege bad faith. Nor would the alleged "spurious" and "pretextual" grounds for denial that, without elaboration, are conclusory. (Am. Compl. ¶ 3.) Abira has not plausibly alleged that MHS fulfilled the "terms of the written agreement" but nevertheless denied Abira the benefit they bargained for. *Kreckel v. Walbridge Aldinger Co*, 2006 WI App 168, ¶ 20, 721 N.W.2d 508. Therefore, the amended complaint does not state a claim as to Count Three.

## D. Count Four (Promissory Estoppel)

In my previous decision, I found that the original complaint stated a claim for promissory estoppel. In so concluding, I credited Paragraph 87 which stated: "Defendants confirmed to Abira that they would continue to honor the claims as valid." MHS argues that this line was conspicuously removed from the amended complaint, and that the remaining complaint does not state a claim.

However, the amended complaint now alleges: "Defendant's representatives not only requested [Laboratory Testing Services] on behalf of Defendant's insureds/members/subscribers, but represented to Plaintiff that the patients/insureds

9

were all covered by policies of insurance issued by Defendant and that Defendant would pay for the services to be rendered by the Plaintiff to Defendant's insureds." (Am. Compl. ¶ 42.) While I take MHS's point that this allegation could be clearer, and as to the identity of these "representatives" it borders on conclusory, I find that it is barely sufficient.

MHS separately argues that the complaint fails to support a plausible inference that Abira's reliance was reasonable, as it must. To state a claim for promissory estoppel, the complaint must allege (1) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promissee, (2) the promise induced such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise. *Scott v. Savers Property & Cas. Ins. Co.*, 2003 WI 60, ¶ 51, 663 N.W.2d 715. The amended complaint alleges both that Abira relied on MHS's historical practice of paying claims in choosing to continue providing lab services, but also that MHS had (in bad faith) refused to pay Abira for years:

> The Defendant, by virtue of its course of conduct, did not pay and/or underpaid the claims submitted by Plaintiff over the course of several years. Defendant's course of conduct constituted a representation to Plaintiff that it would continue to pay for Laboratory Testing Services rendered by Plaintiff. The Plaintiff relied upon the representations and course of conduct between Defendant and Plaintiff. The plaintiff's reliance was reasonable and justified.

(Am. Compl. ¶ 43.) I agree with MHS that these two allegations are incompatible. A course of conduct of *not* paying would not, in the mind of a reasonable promisor, induce a promissee to rely on future payments. Therefore, the amended complaint does not state a claim as to Count Four.

10

### E. Count Five (Quantum Meruit/Unjust Enrichment)

In my previous decision, I found that the original complaint did not state a claim for quantum meruit or unjust enrichment because Abira performed lab services for patients, not MHS, so MHS received no benefit or valuable service. Abira asks me to reconsider and argues that some courts have attributed a benefit conferred to an insured patient onto that patient's insurance company. *See Plastic Surgery Center, PA v. Aetna Life Ins.*, 967 F.3d 218, 240–41 (3d Cir. 2020). In *Plastic Surgery Center*, the Third Circuit (applying New Jersey law) held that a provider of healthcare services confers a benefit upon an insurance company by performing uncompensated treatment because it effectively discharges the insurer's obligation to its insured. *Id.* Put another way, the insurer would have otherwise had to pay another provider for the treatment that its insured received for free.

But, as MHS demonstrates in its brief, ECF No. 31 at 18–19 (collecting cases), this position relies on New Jersey law and appears to be a minority view among jurisdictions. *See Abira Med. Labs, LLC v. Cigna Health & Life Ins.*, No. 23-cv-830, 2024 WL 4349052, *10 (D. Conn. Sept. 30, 2024) ("Courts in this District and elsewhere have repeatedly held that providers cannot bring unjust enrichment claims against insurance companies based on the services rendered to the insureds." (internal citations omitted)). The Wisconsin authorities on this issue, although sparse, indicate that the defendant must receive a more direct benefit than what Abira allegedly conferred upon MHS. *See Aguilar v. Husco Intern., Inc.*, 2014 WI App 64, ¶ 28, 354 Wis.2d 526 (rev'd on other grounds); *Emirat AG v. High Point Printing LLC*, 248 F.Supp.3d 911, 937 (E.D. Wis. 2017). Therefore, the amended complaint does not state a claim as to Count Five

### F. 9 of 21 Insurance Claims

MHS argues that the first nine insurance claims listed in Exhibit A are untimely under Wisconsin's 6-year statute of limitations for contract claims. *See* Wis. Stat. § 893.43. Wisconsin's 6-year window for breach of contract also applies to ERISA claims under 29 U.S.C. § 1132(a). *See Berger v. AXA Network LLC*, 459 F.3d 804, 808 (7th Cir. 2006) (ERISA claims "borrow the most analogous statute of limitations from state law."). The first nine claims listed in Exhibit A describe charges for lab services performed between June and September 2016. Abira commenced this action in New Jersey state court on April 11, 2024.

The statute of limitations clock begins ticking when "there exists a claim capable of enforcement, a suitable party against whom it may be enforced, and a party with a present right to enforce it." *Pritzlaff v. Archdiocese of Milwaukee*, 194 Wis.2d 302, 315, 533 N.W.2d 780 (1995). For breach of contract, this generally occurs when the contract is breached. *CLL Associates Ltd. Partnership v. Arrowhead Pacific Corp.*, 174 Wis.2d 604, 607, 497 N.W.2d 115 (1993). But it is unclear from the face of the complaint precisely when a breach would have occurred. For non-ERISA claims, a breach might have occurred under the terms of the insurance plans which are not attached to the complaint. *See, e.g., Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 966 (7th Cir. 2013) (contract breached 60 days after nonpayment of invoice per "Net 60" provision of contract). For ERISA claims, however, "the general federal common law rule is that an ERISA claim accrues when the plaintiff knows or should know of conduct that interferes with the plaintiff's ERISA rights." *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons*, 651 F.3d 600, 604 (7th Cir. 2011) (cleaned up). "[A] claim to recover benefits

under [28 U.S.C. § 1132(a)] accrues 'upon a clear and unequivocal repudiation of rights under the pension plan which has been made known to the beneficiary.'" *Id.* (quoting *Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808, 816 (7th Cir. 2010)).

As stated above, I will grant dismissal at the pleading stage on the basis of a defense—here, statute of limitations—only if the plaintiff has affirmatively pled himself out of court by admitting the elements of that defense. MHS has not made this showing. It is unclear from the amended complaint which claims are ERISA and which are non-ERISA. This is an essential inquiry because the law governing when the claims accrued is different for each. Moreover, MHS asks me to infer that claims arising from the unpaid invoices are untimely because Abira's 2016 claims must surely have accrued under whatever legal theory applies at some point within one year and seven months from the last date of service. ECF No. 31 at 27. While MHS's assumption is probably a reasonable one, I must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Therefore, dismissal for untimeliness is not warranted at this stage.

## IV. CONCLUSION

In summary, I find that the amended complaint states a claim as to Count One (ERISA) and Count Two (Non-ERISA Breach of Contract). The amended complaint does not state a claim as to Count Three (Breach of Duty of Good Faith and Fair Dealing), Count Four (Promissory Estoppel), or Count Five (Quantum Meruit/Unjust Enrichment). I also find that dismissal-in-part for untimeliness at this stage is not warranted.

13

Therefore, **IT IS ORDERED** that MHS's Motion to Dismiss for Failure to State a Claim is **DENIED**. Because the facts alleged do state a claim, and Counts One and Two are the gravamen of Abira's complaint, this case will proceed to discovery without further leave to amend at this time.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

14